ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 18 1999
NANCY DOHERTY, CLERK
By _____ Deputy

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. **3-99CV1123-G** |
| v. ) ) | **COMPLAINT** |
| NATURAL RESOURCES STAFFING SERVICES, INC., ) ) ) ) | |
| Defendant. ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Minerva Luna. The Equal Employment Opportunity Commission alleges that the Defendant, Natural Resources Staffing Services, Inc., an employment agency, violated Title VII when it denied Minerva Luna employment opportunities by refusing to refer her to temporary employment assignments based on her sex, female, and because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),

**COMPLAINT** 1

(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Natural Resources Staffing Services, Inc. has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. §§ 2000e-(c).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Minerva Luna filed a charge of discrimination with the Commission alleging a violation of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 25, 1998, the Defendant has engaged in conduct in violation of Section 703(b) of Title VII, 42 U.S.C. § 2000e-2(b) by refusing to refer Minerva Luna for additional employment assignments because she was pregnant.

**COMPLAINT**                                                                                       2

8. In addition to the facts presented in paragraph 7, above, which are incorporated herein, Minerva Luna was subjected to disparate treatment by Defendant's implementation and enforcement of their employment policy targeting pregnant female employees, which resulted in the termination of Minerva Luna's employment.

9. The effect of the practices complained of in paragraphs 7 and 8, above, has been to deprive Minerva Luna of equal employment opportunities because of her sex.

10. The unlawful employment practices complained of in paragraphs 7 and 8, above, were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8, above, were committed with malice or with reckless indifference to the federally protected rights of Minerva Luna.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages disparate treatment.

B. Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all of its female employees, and eradicate the effects of the Defendant's past and present unlawful practices.

C. Order the Defendant to make Minerva Luna whole by providing appropriate

**COMPLAINT** 3

backpay with prejudgment interest, in amounts to be proved at trial, front pay and pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place reinstatement of Minerva Luna.

      D.      Order the Defendant to make whole Minerva Luna by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, above, including but not limited to pain and suffering, humiliation, embarrassment, emotional distress, anxiety and loss of enjoyment of life, in amounts to be determined at trial.

      E.      Order the Defendant to pay Minerva Luna punitive damages for its malicious conduct or reckless indifference described and referenced in paragraphs 7 and 8, above, in an amount to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.